UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DESMOND RENARD**                           **CIVIL ACTION NO. 21-0202**

                                              **SECTION P**

**VS.**

                                              **JUDGE TERRY A. DOUGHTY**

**TENSAS PARISH DETENTION**              **MAG. JUDGE KAYLA D. MCCLUSKY**
**CENTER, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff Desmond Renard, a prisoner at Tensas Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 20, 2021, under 42 U.S.C. § 1983. He names the following defendants: Tensas Parish Detention Center, Sheriff Rikey Jones, Warden Pat Smith, Assistant Warden Nolen Bass, Jr., Nurse Frazier, and Doctor Janna Chauvin.[1]

**Background**

Plaintiff alleges that on October 5, 2020, he discovered that the "entire bathroom floor was wet and mostly flooded with water." [doc. # 1, p. 3]. The water emanated from busted pipes, clogged drains, malfunctioning sinks and toilets, and "excessive running showers." [doc. # 9, p. 1]. He maintains that there are never any signs to warn of the slippery floors, and there are no mats to prevent falls. *Id.* Citing various policies, Plaintiff claims that the conditions violate "Basic Jail Guidelines Statutes." *Id.* at 2.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff "did [his] best to use the bathroom without stepping into the water but it was merely impossible." [doc. # 1, p. 3]. He slipped, fell on his back, and hit his head "and/or" neck on the stall wall. *Id.* He felt excruciating pain in his head, neck, and back. *Id.*

Plaintiff ostensibly asks the Court if defendants are responsible for the wet floors: "Is it any duty to Tensas Parish Detention Center, Sheriff Rikey Jones, Warden Pat Smith, Assistant Warden Nolen Bass, Jr., and/or medical staff, Nurse Frasier and/or Nurse Deidra Harvey [?] [sic]." [doc. # 9, p. 2]. He appears to state that whoever the Court deems responsible is who he seeks to hold responsible: "Plaintiff comment to whom hold the responsibilities is the responsible parties of action. [sic]." *Id.* He adds: "I pray that the Honorable remove anyone from the Defendant that shouldn't be held accountable . . . [sic]." *Id.* at 6.

Plaintiff immediately requested medical care after his fall. [doc. # 1, p. 3]. He "was examined[,]" and someone requested x-rays from a hospital. [doc. # 9, p. 3]. He was in excruciating pain while he waited to be transferred to the hospital for x-rays. *Id.* He "continuously wrote medical requests contending that he [was] experiencing trauma from the neck/lower back area." *Id.* He claims that Nurse Frazier received his requests for care and complaints of pain, but she ignored them for months. *Id.*

One week later, a physician examined him. [doc. # 1, p. 3]. Dr. Chauvin sent him to the hospital "to get x-rays." *Id.* "Approximately 2-3 weeks later, [he] went to Franklin Medical in Winnsboro, Louisiana." *Id.* at 3-4. He alleges that "afterwards" he "never heard anything else on this situation . . . ." *Id.* at 4. He claims that he did not receive a response to his eighteen additional requests for care for his injuries and pain. *Id.* at 4-5. He "continuously wrote medical letting them know that [he] still suffered with neck and back pain . . . ." *Id.* at 4.

Dr. Chauvin told Plaintiff that she reviewed "the response from the hospital and the doctor notes," and she informed Plaintiff that he has joint "gen jotis." [doc. # 9, p. 4]. However, when Plaintiff asked Nurse Frazier about the diagnosis, Frazier stated that she did not know what "gen jotis" was and did not know why the doctor did not prescribe pain medication. [doc. #s 1, p. 3; 9, p. 4]. Frazier scheduled Plaintiff to see Dr. Chauvin. [doc. # 9, p. 4]. Plaintiff claims: "When Frazier told [him] she couldn't explain the diagnosis, that put him [in] intentional and/or unintentional distress mentally and/or emotionally. Especially being told about a diagnosis she didn't know of in all her years of profession." *Id.*

When Plaintiff met with Dr. Chauvin, she informed him that the x-rays did not reveal any signs of swelling or fracturing. *Id.* Plaintiff informed Chauvin that he had been experiencing pain "ever since . . . ." *Id.* Chauvin responded that she would prescribe pain medication and order another x-ray. *Id.* However, Plaintiff claims that to date he continues to suffer from excruciating pain, he has not received any pain medication, and he has not returned to the hospital. *Id.* at 4-6.

Plaintiff has been forced to sleep on the floor because his pain is so excruciating that he is unable to climb into his top bunk. *Id.* at 4-5. He claims that he has not received a bottom-bunk assignment. *Id.*

Plaintiff maintains that he wrote grievances, which included "all fact above," to Warden Pat Smith and Assistant Warden Nolen Bass, Jr., but he did not receive a response. *Id.* at 5.

Plaintiff asks the Court to: (1) award compensation for his injuries, medical costs, future medical costs, and "longevity needs"; and (2) order defendants to provide medical care. [doc. #s 1, p. 5; 5, p. 1; 9, p. 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

5

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Tensas Parish Detention Center**

Plaintiff names Tensas Parish Detention Center as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Tensas Parish Detention Center does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against this entity.

**3. Sheriff Rikey Jones**

Plaintiff names Sheriff Rikey Jones as a defendant, but he does set forth any allegations against Sheriff Jones.[3] [doc. # 1, pp. 1-3]. A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662. Here, the Court should dismiss Sheriff Rikey Jones because Plaintiff does not raise a claim against him.

---

[3] The undersigned instructed Plaintiff to provide a separate description of what, exactly, each defendant did to violate his rights. [doc. # 7].

**4. Policy Violations**

Citing various policies, Plaintiff claims that the bathroom conditions violate "Basic Jail Guidelines Statutes." [doc. # 9, p. 2].

"[T]he failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation." *Moreno v. Bunton*, 193 F.3d 518 (5th Cir. 1999); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("The [LDPSC] and [Corrections Corporation of America] internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (internal footnotes removed).

Here, to the extent Plaintiff seeks relief solely for defendants' alleged violations of facility guidelines and policies, he does not state a plausible claim. Accordingly, the Court should dismiss these claims.

**5. Slippery Floors**

Plaintiff claims that someone was negligent, which caused him to slip on the wet bathroom floor, fall, and injure himself. He does not, however, identify the negligent actor. Instead, he appears to asks the Court who he should name: "Is it any duty to Tensas Parish Detention Center, Sheriff Rikey Jones, Warden Pat Smith, Assistant Warden Nolen Bass, Jr., and/or medical staff, Nurse Frasier and/or Nurse Deidra Harvey [?] [sic]." [doc. # 9, p. 2]. As above, he appears to state that whoever the Court deems responsible is who he seeks to hold responsible: "Plaintiff comment to whom hold the responsibilities is the responsible parties of action. [sic]." *Id.* He adds: "I pray that the Honorable remove anyone from the Defendant that shouldn't be held accountable . . . [sic]." *Id.* at 6.

7

The Court may not provide legal advice to Plaintiff, issue an advisory opinion, or otherwise speculate concerning who is responsible. Plaintiff bears the burden of naming a defendant and alleging what that defendant did to violate his constitutional rights. Because Plaintiff does not identify a responsible defendant(s), the Court should dismiss these claims.

**6. Bunk Assignment**

Plaintiff alleges that he has been forced to sleep on the floor because his pain is so excruciating that he is unable to climb into his top bunk. He claims that he has not received a bottom-bunk assignment. Like the claims above however, he does not identify a responsible defendant. Thus, the Court should dismiss this claim.

**7. Warden Smith and Assistant Warden Bass**

Plaintiff maintains that Warden Smith and Assistant Warden Bass never responded to his grievances concerning his alleged inadequate medical care. [doc. # 9, p. 5]. To the extent Plaintiff seeks relief for this alleged inaction, he does not state a plausible claim.

A prisoner does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); see *Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. See *Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal

8

constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.").

Alternatively, to the extent Plaintiff seeks relief from Bass and Smith for failure to provide medical care, he does not state a plausible claim. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Plaintiff does not plausibly allege that Smith or Bass affirmatively participated in any act that caused a constitutional deprivation or that there was a sufficient causal connection between defendants' conduct and any alleged constitutional violation.[4] While he alleges that he sent both

---

[4] *See Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

defendants grievances concerning his lack of medical care, he does not allege, for example, that either defendant failed to relay his requests for care to medical providers. *See Cox v. Irby*, 281 F. App'x 390, 391 (5th Cir. 2008) ("Cox may have put Warden Irby on notice that his needs for medication and a wheelchair were not being met, but he did not show that the warden was personally involved in his medical care or that there was a causal connection between her conduct and the alleged harm.").

Plaintiff also fails to plausibly allege that Smith or Bass implemented an unconstitutional policy, practice, custom, or procedure that caused his injuries.

The Court should dismiss these claims.

### 8. Nurse Frazier and Doctor Chauvin

Plaintiff alleges that Nurse Frazier and Doctor Chauvin knew of his excruciating pain from his fall, yet to date they have refused to provide any pain medication or other treatment for his pain. While Frazier and Chauvin examined him, obtained x-rays, and diagnosed him, they allegedly failed to provide any meaningful treatment for his serious medical need. Plaintiff, therefore, states plausible claims on which relief may be granted against Frazier and Chauvin. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).[5] The Court should retain these claims,

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that with the exception of Plaintiff Desmond Renard's claims of lack of medical care against Nurse Frazier and Dr. Chauvin, Plaintiff's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may

---

[5] *See also Galvan v. Calhoun Cty.*, 719 F. App'x 372 (5th Cir. 2018); *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999); *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422–23 (5th Cir. 2017); *Coleman v. Sweetin*, 745 F.3d 756, 765-66 (5th Cir. 2014); *Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009); *Carlucci v. Chapa*, 884 F.3d 534, 539 (5th Cir. 2018).

be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of March, 2020.

_____
Kayla Dye McClusky
United States Magistrate Judge

11